UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANGELA POWELL, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 20-0436 (RC) |
| | : | |
| BEN'S CHILI BOWL, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, Third Motion for More Definite Statement. For the reasons discussed below, the Court GRANTS Defendant's motion to dismiss and DENIES its motions for a more definite statement.

**I. BACKGROUND**

Plaintiff filed her original complaint (ECF No. 1) on February 13, 2020. She neglected to sign the complaint, however, and the exhibits she attached to it were not served on Defendant. Defendant filed motions to quash service (ECF No. 13) and for a more definite statement (ECF No. 14) on November 20, 2020. The Court granted the former and denied the latter without prejudice by Order (ECF No. 17) dated December 1, 2020. That Order also granted Plaintiff's motion for leave to amend the complaint (ECF No. 15), and Plaintiff filed the amended pleading on December 22, 2020 (ECF No. 18, "Am. Compl."). Defendant filed a second motion for a more definite statement (ECF No. 19) on January 22, 2021, and its response to Plaintiff's more definite statement (ECF No. 22, "Pl.'s Statement") was a motion to dismiss or, alternatively, a third motion for a more definite statement (ECF No. 23, "Def.'s Mot."). Defendant's motion is fully briefed, as Plaintiff filed her opposition (ECF No. 25, "Pl.'s Opp'n") on May 3, 2021, with

1

an Errata (ECF No. 26) on May 4, 2021, and Defendant filed a reply (ECF No. 27) on May 13, 2021.

**II. DISCUSSION**

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that none of Plaintiff's submissions states a plausible legal claim. *See* Def.'s Mot. at 3. Rather, it argues, Plaintiff makes "only conclusory statements" and presents "unorganized documentation" which "lack any legal elements for a cause of action." *Id.* at 4. It asserts that "Plaintiff bears the responsibility of articulating her claims so that [Defendant] is afforded a fair opportunity to defend itself," yet Plaintiff "has repeatedly failed to meet this responsibility." *Id.* The Court concurs.

A plaintiff need only provide a "short and plain statement of [her] claim showing that [she is] entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim." *Woodruff v. DiMario*, 197 F.R.D. 191, 193 (D.D.C. 2000). The "complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). And where, as here, the relevant pleadings are filed by a *pro se* party, the Court must "consider [her] filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)), because *pro se* filings are held "to less stringent standards than formal pleadings

drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, the Court need not accept inferences drawn by plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept Plaintiff's legal conclusions. *See Kowal*, 16 F.3d at 1276. In ruling upon a motion to dismiss for failure to state a claim, the Court ordinarily may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997)).

The Court has reviewed each of Plaintiff's submissions and concludes that none states a viable legal claim. The fundamental defect of Plaintiff's complaint, as amended, taken together with her "more definite statements" and other submissions is the absence of factual allegations to support her vague and sweeping claims of harassment, hostile work environment, retaliation and discrimination based on race, national origin, age and religion.

Plaintiff's exhibits are presented in no particular order and the handwritten documents and notations are barely legible. It is not clear why Plaintiff attaches her exhibits or what claim the exhibits purportedly support. For example, the amended complaint mentions inspections at Defendant's restaurant on U Street, N.W., *see* Am. Compl. at 1-3, and Plaintiff submits Food Establishment Inspection Reports for that restaurant, *see* Pl.'s Statement at 35-66. The relevance of these exhibits is unclear, and Plaintiff does not explain whether or how food safety inspections pertain to her termination and other workplace woes. Similarly, and for reasons unknown, Plaintiff submits exhibits purportedly indicating that her earnings statements list her Social Security number incorrectly. *See, e.g., id.* at 28.

Plaintiff has pursued employment discrimination claims in the past, *see id.* at 3, and fails to explain whether or how her prior claims pertain to the claims she attempts to bring now. Although she alleges that Defendant breached a prior settlement agreement to provide her with a 40-hour per week schedule, she provides neither a copy of that agreement nor factual allegations specifying the factual basis for that claim. Similarly, although she claims that Defendant discriminated against her on the basis of her religion by preventing her from attending her church's choir practice, she provides no further information concerning any requests on her part that her religious beliefs be accommodated or describing the availability to work other shifts.

Consequently, both Defendant and the Court are left to wade through dozens of pages of material in search of facts, when it is Plaintiff's responsibility to plead her case. In short, the original complaint, amended complaint, more definite statements and opposition to Defendant's motion to dismiss are so vague, so conclusory, and so lacking in detail that the Court simply cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see Kuryakyn Holdings, Inc. v. Just In Time Distrib. Co.*, 693 F. Supp. 2d 897, 903 (W.D. Wis. 2010) (noting that a claim "is implausible when it is not supported by factual allegations that address the elements of the claim") (citation omitted).

## III. CONCLUSION

The Court concludes that the complaint, as amended, fails to state a claim upon which relief can be granted. Therefore, the Court GRANTS Defendant's motion to dismiss and DENIES its motions for a more definite statement as moot. An Order is issued separately.

DATE: July 14, 2021

/s/
RUDOLPH CONTRERAS
United States District Judge